Chapter 13 (Recommended Form)

In Re: David James Wertz
Pamala Rene Wertz

Case Number: _____

1.      There shall be paid to the Chapter 13 Trustee __**$275.00**_____ each month by debtor(s), or any entity from whom debtor(s) receive income, in such installments as agreed upon with the Trustee, for payment of all existing debts of debtor(s) pursuant to this Plan, except as the Court may otherwise order. Debtor(s) submit all future income to the supervision and control of the Trustee during this case and agree to pay sufficient funds to the Trustee on or before five years from commencement of this case to fully complete this Plan. If the percentage to unsecured creditors is less than 100%, debtor will pay a minimum of 36 full plan payments for distribution to pre-petition creditors unless this requirement is waived by the trustee. In order to distribute the full 36 plan payments, trustee may increase the percentage to unsecured creditors after other timely filed and allowed pre-petition claims have been paid.

2.      Administrative Claims.    Trustee shall disburse dividends to all section 1326(b) claims and charges in advance of all other claims, unless priority expressly waived. All other section 1322(a) and section 1305(a)(1) claims allowed shall be paid in full by deferred payments in such priority and installments as the Trustee in his sole discretion deems appropriate, unless this plan specifically provides otherwise.

3.      Specified Leases, Personal Property.    Debtor(s) elect to assume the existing lease of personal property with the following named creditors. Trustee shall make distribution to the allowed claim of lessor/creditor in advance of all claims except those allowed under paragraph 2 until any default in said lease is cured; thereafter trustee shall disburse to the allowed claim of said lessor/creditor from funds on hand available for periodic distribution the monthly lease payment provided for in said lease until said lease expires. The exercise of any option to purchase or payments under a carry-over provision shall not be paid under this plan by the trustee.

| Name of Creditor | Current through date listed below | Regular Monthly Installment |
|---|---|---|
| _____ | _____ | $ _____ |
| _____ | _____ | $ _____ |

4.      Specified Secured Claims, Personal Property.    After payments provided for by paragraphs 2 and 3, Trustee shall make payment to creditors (their agents and assigns) named in this paragraph whose claims are allowed secured solely by personal property. Each named creditor shall be paid in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed secured plus interest at seven percent (7%) per annum unless a different percentage is specified below.

| Name of Creditor | Estimated Fair Value | Installment | (Optional) % Interest |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

5.      Specified Support Claims.    After payments provided for by paragraphs 2 and 3, allowed claims for unassigned debts to a spouse, former spouse, or child of the debtor(s), for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, shall be paid as to amounts due and payable at the commencement of the case in full 100% to those creditors named below in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below. Holders of support claims, other than creditors specifically named will be paid as indicated in paragraph 1 of this plan if the criteria under section 507(a) are met. Support claims not set forth below or not meeting the criteria of 507(a) shall be treated as general unsecured creditors. Post-petition support shall be paid by the debtor directly as such payments become due and payable.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |



6. Secured Co-debtor claims. A[illegible] ayments provided for by paragraph 2 and 3, creditor[illegible] eir agents and assigns) named in this paragraph who have allowed claims secured by personal property with a co-debtor liable thereon, shall b[illegible] paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A. P. R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
| --- | --- | --- |
| | | |
| | | |

7. Real Estate or Mobile Homes (Trustee to pay arrears only). Notwithstanding any other provision of this plan, debtor(s) during this case shall make, and following completion of this case shall continue to make, the usual and regular payments (including any balloon payments) called for by any security agreements supporting non-voidable liens against debtor's real estate or mobile home, directly to below named lien holders in a current manner. However, arrears to named lien holders (their agents and assigns) shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors in paragraph 2 through 6 of this plan, shall be paid in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments indicated until arrears claim is paid in amount allowed plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

Provisions of this paragraph shall operate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof or by the laws or processes of a governmental unit the time for redemption or reinstatement has expired. If there exist creditors not dealt with by this plan holding statutory or other liens against debtor's real estate or mobile home and the obligation is fully due, for reasons other than the exercise of power of acceleration for failure to make installment payments, unless the Court orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months time following the date of confirmation of this Plan.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |

8. Real Estate or Mobile Home (Trustee to pay entire claim). Notwithstanding any other provisions of this plan, the below named creditors (their agents and assigns) who have security agreements supporting non-voidable liens against debtor's real estate or mobile home or are cross-collateralized shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors in paragraph 2 through 7 shall be paid on their allowed claims in advance of periodic distribution to other creditors. Each named creditor shall be paid in installments as indicated until the allowed secured claim is paid 100% plus interest at seven percent (7%) per annum, unless a different percentage is specified below.

| Name of Creditor | Estimated Claim | Installment | (Optional) % Interest |
| --- | --- | --- | --- |
| | | | |
| | | | |

9. Unsecured co-debtor claims. After payments provided for by paragraphs 2 through 8, creditors (their agents and assigns) named in this paragraph who have allowed unsecured claims with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified in the claim) in installments as indicated. Installments to be paid from funds available for distribution monthly non-cumulative. If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A.P.R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
| --- | --- | --- |
| | | |
| | | |

10. Other secured personal property creditors and lease creditors. After payments provided for in paragraphs 2 through 9, Trustee shall pay holders of other claims allowed secured solely by personal property. Any creditor holding a lease on personal property in debtor's possession who files a claim, unless specifically dealt with elsewhere in this plan, shall be treated as a secured creditor herein. All claims under this paragraph shall be paid prorata with other such creditors to the amount allowed plus interest at seven percent (7%) per annum unless a different percentage is specified below and in advance of distribution to general unsecured creditors:

(optional) % interest: ____________________

Case Number: _____

**11.    Unsecured Claims.  After dividends to all other creditors pursuant to this Plan, Trustee shall pay dividends prorata on claims allowed unsecured herein to 0 % of the amount allowed in full satisfaction thereof (If left blank, pay 100%).**

**12.**    [ ]    If checked, pay filed and allowed unsecured claims seven percent (7%) annual percentage rate of interest.

**13.**    Special Unsecured Claims.    Notwithstanding any other provision of the plan, creditors named in this paragraph shall be paid as an unsecured claim but in full 100% of the claim amount allowed [Debtors represent compliance with section 1322(b)(1)]

Name of Creditor

*Oxnard College , State of CA*

**14.**    Exclusion of creditor.    Notwithstanding any other provision of the plan, debtor(s) elect to assume the existing lease or contract with creditors in this paragraph.  These named creditors shall not be dealt with or provided for by this plan.  All pre-petition and post-petition payments due to listed creditors, including defaults, shall be disallowed as claims for payment herein, unless agreed upon by the Trustee with notice and an opportunity to object by Debtor.

Name of Creditor                                                        Collateral

_____                    _____

**15.**    Rejection of Claim, Return of Collateral.    Debtor(s) elect not to assume the lease or contract with creditors (their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any secured claim arising from the transaction creating creditor's interest in said property.

Name of Creditor                                                        Collateral

*GEMB/SUZUKI*                                                *05 SUZUKI SV650 M/C*

**16.**    Post-Petition Claims.    Claims allowed for post-petition debts incurred by debtor(s) may be paid in full 100% of the claim in such order and on such terms as the Trustee, in his sole discretion, may determine.  Trustee or any adversely affected party in interest may file to dismiss case if debtor(s) incur post-petition debts without the written consent of Trustee and debtor(s) fail to keep such obligations current in payments.

**17.**    Lien Avoidance.    Debtor(s) hereby elect to avoid the fixing of liens pursuant to section 522(f), Bankruptcy Code.  All secured creditors, except those whose liens are avoidable pursuant to 522(f), shall retain their liens pending payment of their secured debt pursuant to this plan.

**18.**    General Provisions.    Post-Petition earnings during this case shall remain property of the estate notwithstanding section 1327.  Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these Plan provisions.  Notwithstanding section 1329(a), Trustee may bring a motion anytime prior to disbursing 36 full plan payments to modify debtors' Plan to meet the criteria of 1325(b). Pursuant to section 1322(b)(3), Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in debtor's payment to Trustee under this Plan.  Any tax refunds or other funds sent to the debtor(s) in care of the Trustee during this case may be deposited to debtor(s) account and disbursed to creditors pursuant to the plan.  Debtor(s) agree to provide tax return and pay stub information upon written request of the Trustee anytime during this case.

**19.**    Valuation of Collateral. Although the following valuation estimated by debtor(s) will be used by the trustee in most cases to determine the amount of creditor's secured claim, it is not intended that creditors are bound by the values set forth.  If a creditor objects to these values, creditor may contact debtor's attorney and/or appear at the 341(a) Meeting of Creditors and may object to confirmation, or set a separate valuation hearing.

| Creditor | Collateral | Estimated Value |
|---|---|---|
| *GEMB/Suzuki* | *05 Suzuki SVG50M/c* | *$ 3838* |
| *HSBC Auto* | *2002 Dodge Intrepid* | *$ 7,813* |

**20.**    Special plan provisions, if any: Notwithstanding any other provision of this plan, *Pay 9% APR on Filed and Allowed Student Loan, and Fine Claim(s).*

_____

*Special Note:  This plan is intended as an exact copy of the Chapter 13 (recommended form) plan last revised 4/04, except as to any added paragraphs after paragraph 19 above. The trustee shall be held harmless from any changes in this plan from the recommended plan dated 4/04.*

Plan Dated: _____

**( DATE IS MANDATORY )**

Debtor: _/s/_____
David James Wertz

Joint Debtor: _/s/_____
Pamala Rene Wertz

**Special Notice to the named creditors below:**

The debtor(s) schedule D filed in this case has stated the value of the collateral securing the loan. It is intended by the debtor(s) that the value of the collateral shall be used by the Ch. 13 Trustee to determine the secured and unsecured portions of the creditors claim, and therefore, for payments pursuant to the plan. Notice is given that pursuant to applicable 9th Circuit case law, the valuation of the collateral stated on schedule D and shown below, shall be binding upon confirmation of the plan.

| Creditor | Collateral | Value |
|---|---|---|
| GEMB/Suzuki | 2005 Suzuki SV60 Motorcycle | $3,838 |
| HSBC Auto | 2002 Dodge Intrepid | $7,813 |